IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUDY YATES and NORMA TANNER, )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>JEREMY BENNETT, d/b/a )<br>BAR-B-Q BARN, )<br>)<br>    Defendant. ) | Case No:  3:19-cv-828 |

### COMPLAINT

NOW COMES the Plaintiffs, Judy Yates and Norma Tanner, by and through their attorneys, Howerton, Dorris, Stone and Lambert, and for their Complaint against Defendant, states:

### *JURISDICTION*

Jurisdiction is based upon "Federal Question" 28 USC 1331, specifically the "Americans With Disabilities Act" 42 USC 12101 *et. seq.* inclusive of 42 USC 12188, and "Supplemental Jurisdiction" 28 USC 1367 for a personal injury to Norma Tanner in Count II arising out of the same facts that give rise to Count I.

### *THE PARTIES*

1. Judy Yates is a citizen of Carrier Mills, Illinois, who is a disabled person as that term is defined by the Americans With Disabilities Act.

2. Norma Tanner is a citizen of Carrier Mills, Illinois who was injured assisting Judy Yates into the Bar-B-Q Barn in Harrisburg, Illinois, which is a business open to the public which at all times relevant here, was subject to Title III of the Americans With Disabilities Act.

3. Jeremy Bennett is the owner and operator of Bar-B-Q Barn, the entrance of which was not in compliance with the Americans with Disabilities Act when Norma Tanner was assisting Judy Yates into the Bar-B-Q Barn on June 14, 2019.

*FACTS APPLICABLE TO ALL COUNTS*

4. Title III of the Americans With Disabilities Act ("Act") prohibits discrimination based on disability in public accommodations.

5. Private entities covered by Title III include establishments serving food and drink, such as the Bar-B-Q Barn owned and operated by Defendant.

6. The Act requires establishments like the Bar-B-Q Barn to provide safe and accessible ingress and egress based upon accessibility guidelines established by federal regulation.

7. Prior to June 14, 2019, defendant constructed concrete steps and a concrete ramp for use by disabled persons and others for ingress and egress to its main entrance located on Main Street in Harrisburg, Illinois.

8. The concrete steps and concrete ramp converge in front of the main entrance door, which is a single glass door that from the outside is pulled open, swinging from left to right.

9. Certain accessibility guidelines established by federal law and regulation were in effect when defendant constructed the concrete steps and concrete ramp described in paragraphs 7 and 8.

10. Accessibility regulations are the culmination of the considered judgment of architectural and accessibility experts so that persons, including persons with disabilities, can safely enter and exit a restaurant.

11. The convergence of the concrete steps, concrete ramp and entrance door at the Bar-B-Q Barn was not in compliance with the Americans With Disabilities Act and its regulations.

12. Failure to construct its entrance in accordance with the Act and its regulatory guidelines is itself considered a denial of access to disabled persons in violation of their rights.

13. At all times relevant, Judy Yates needed a walker to ambulate.

14. At all times relevant, Judy Yates, a disabled person, enjoyed the food and service of the Bar-B-Q Barn and would like to so enjoy them in the future.

15. On June 14, 2019, Judy Yates went to the Bar-B-Q Barn, and with the assistance of Norma Tanner, attempted to enter the Bar-B-Q Barn.

16. When Norma Tanner pulled open the door for Judy Yates, she stepped backwards to create clearance for Judy Yates to maneuver into the restaurant.

17. The area in front of the door that Norma Tanner pulled open was not in compliance with regulation, inasmuch as it was smaller than the minimum size required for safe ingress and egress.

18. Norma Tanner fell from the landing platform in front of the door as she stepped back to create clearance for Judy Yates.

COUNT I
*YATES v. BENNETT*

19. Judy Yates, a disabled person, has standing to pursue a claim to enforce the provisions of Title III of the Americans with Disabilities Act.

20. Judy Yates, a disabled person, seeks a remedy for herself and other disabled persons to have access to the Bar-B-Q Barn consistent with federal law.

21. Judy Yates, a disabled person, seeks judgment against defendant inclusive of injunctive relief, fashioned to bring Bar-B-Q Barn into compliance with federal law and regulation.

WHEREFORE, Judy Yates seeks judgment against Bar-B-Q Barn for violation of the Americans with Disabilities Act, seeks an Order directing the Bar-B-Q Barn to come into compliance with the Act, plus costs and attorney's fees consistent with the Act.

HOWERTON, DORRIS, STONE & LAMBERT

By_____
Stephen W. Stone, #6204573
300 West Main
Marion, IL 62959
(618) 993-2616
(618) 997-1845 – fax
sstone@hdslawfirm.com

COUNT II
*TANNER v. BENNETT*

19. Defendant had a non-delegable duty to comply with federal regulation, building codes, and accessibility standards at the Bar-B-Q Barn.

20. Federal regulation, building codes, and accessibility standards require the area where the Bar-B-Q Barn's ramp, steps, and entry door converge to be of sufficient size for persons to safely maneuver.

21. The area where the Bar-B-Q Barn's ramp, steps, and entry door converge is too small to safely maneuver.

22. When Norma Tanner opened the door and stepped backward to assist her disabled friend, Judy Yates, into the restaurant, she fell backward off the landing where the ramp, steps, and entry door converge.

23. If the area where the ramp, steps, and entry door converge were in compliance, Norma Tanner would have had sufficient room to open the door, step back and out of her disabled friend's way.

24. Because the area where the ramp, steps and entry door converge were not in compliance, Norma Tanner fell backward off the landing as she maneuvered out of her disabled friend's way.

25. Defendant was negligent in that he failed to comply with safe accessibility standards.

26. The injury herein described occurred because defendant negligently breached the duty to provide a safe and accessible entrance for patrons including disabled persons and those assisting them in the Bar-B- Q Barn.

27. As a result of this negligence, Norma Tanner sustained severe head and brain injuries, and in consequence thereto, has and will incur medical expense, has experienced pain, suffering, disability, disfigurement, emotional

distress, increased her risk for future harm, and has shortened her life expectancy.

WHEREFORE, Norma Tanner prays for Judgment against Defendant and for compensatory damages commensurate to the harm, and punitive damages should evidence reveal defendant knowingly violated the standards described herein, and with utter indifference or conscious disregard failed to comply with the regulations.

HOWERTON, DORRIS, STONE & LAMBERT

By _____
Stephen W. Stone, #6204573
300 West Main
Marion, IL 62959
(618) 993-2616
(618) 997-1845 – fax
sstone@hdslawfirm.com
*Attorneys for Plaintiffs*
